MICHAEL C. ORMSBY
United States Attorney
Eastern District of Washington
MARY K. DIMKE
Assistant United States Attorney
402 E. Yakima Avenue, Suite 210
Yakima, Washington  98901
(509)  454-4425

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MIGUEL CONTRERAS,<br><br>Defendant. | Case No. 4:14-CR-06037-EFS<br>Case No. 4:14-CR-06056-EFS<br><br>United States' Brief Regarding Defendant Access to Discovery if Defendant Proceeds Pro Se |

Plaintiff, United States of America, by and through Michael C. Ormsby, United States Attorney for the Eastern District of Washington, and Mary K. Dimke, Assistant United States Attorney for said District, hereby files this brief regarding discovery to a pro se incarcerated defendant, in response to the Court's Order (ECF 57).

In general, the United States concurs with Defense counsel's recommendation to involve a Spanish-speaking investigator in this matter.  *See* ECF 58.  Defendant Contreras is a Spanish-speaker and uses an interpreter when appearing in Court.  The vast majority of the discovery is in English.

United States' Brief Regarding Defendant Access to Discovery
If Defendant Proceeds Pro Se - 1

**A. Concerns Regarding Providing Discovery to Pro Se Defendant**

When the United States provides discovery to defense counsel, it is generally provided pursuant to a standard discovery letter that prohibits defense counsel from making copies of the government discovery and prohibits defense counsel from disseminating the government discovery to Defendant absent approval from the United States Attorney's Office and/or a Court Order.

The reasons for the prohibitions on providing physical copies of government discovery to criminal defendants are numerous. First and foremost, provision of investigative reports to incarcerated defendants carries an inherent risk of endangering cooperating individuals, whether they be confidential sources, civilian witnesses, or cooperating defendants. This is because such investigative reports, even when redacted, often allow defendants to readily identify cooperating witnesses and allow defendants to confirm the identities of cooperating witnesses to others not in custody. Identification of such cooperating witnesses, particularly when coupled with physical proof of identity in the form of physical documents, presents a clear and present risk of harm to cooperating witnesses of every variety. The risk is even greater with regard to audio and/or video recordings that may include voices and images of individuals recognizable not only to the incarcerated Defendant, but also to confederates of the Defendant who may not be incarcerated. An image of a cooperating individual could easily be used to harass, intimidate, or to physically harm

United States' Brief Regarding Defendant Access to Discovery
If Defendant Proceeds Pro Se - 2

a cooperating witness. The dissemination of cooperating witnesses' identities in a custodial setting also may very easily adversely impact other investigations by chilling other inmates who have cooperated in the past or may cooperate in the future. Finally, government reports frequently reveal investigative steps and techniques and the reports themselves constitute property of the United States. The United States has an obligation to protect its investigative processes and to protect its property. The unfettered dissemination of government discovery materials, such as those at issue in the case at bar, particularly in a prison setting, undermine all of these legitimate and compelling government interests.

The United States understands that its needs must be balanced with a pro se Defendant's ability to present a defense. The United States proposes procedures set forth below to attempt to protect the United States' interests, as well as permit Defendant the ability to prepare a defense if he chooses and the Court permits him to proceed pro se.

### B. Background and Discovery to Date

The DEA-Metro Task Force engaged in a several-month investigation utilizing a confidential informant. The investigation resulted in four separate indictments. *United States v. Verdugo, et. al.*, 4:14-CR-6032-EFS, *United States v. Jose de Jesus Plata-Perez*, 4:14-CR-6038-EFS and two indictments against defendant Miguel Contreras, 4:14-CR-6037-EFS (charging drug and firearm offenses) and 4:14-CR-

6056-EFS (charging social security number misuse). Since these are related investigations, the government provided substantially the same discovery to all defendants, which is voluminous. Currently, the government has provided approximately 2,000 pages of discovery on CD, and another 15 CDs, which contain the following: four CDs that contain video surveillance, two CDs that contain audio and/or video of interviews, six CDs that contain Cellebrite reports regarding the search of cellular telephones, and three CDs that contain photographs of evidence.

Any discovery that would reveal the identity of the CI has been withheld, which includes bodywires, audio, video surveillance, photographs, etc. Government counsel has provided the DEA-Form 7s which describe the existence of such evidence, but has not provided copies of the evidence to defense. The government typically provides to defense counsel discovery that would identify the CI two weeks in advance of trial.

In this matter, none of the CI discovery withheld involves the CI meeting with Defendant Contreras. The CI discovery documents meetings between the CI and defendants charged in other cases. If the government decides not to call the CI, the government may take the position that Defendant Contreras is not entitled to such discovery. *See, e.g.*, *United States v. Roviaro*, 353 U.S. 53, 62 (1957); *United States v. Sai Keung Wong*, 886 F.2d 252, 255 (9th Cir. 1989). Such decisions have not been made at this time.

United States' Brief Regarding Defendant Access to Discovery
If Defendant Proceeds Pro Se - 4

Case 4:14-cr-06037-EFS    Document 59    Filed 02/26/15

### C. Recommendations for Current Discovery

Government counsel has communicated with Commander Jon Law, who oversees the Benton County Jail, regarding discovery issues. Commander Jon Law explained that inmates are permitted to have hard copies of documents (such as discovery) in their cells at the Benton County Jail. He explained that the Jail generally would be able to accommodate Defendant possessing up to three boxes of documents at a time, and the Jail would work with Defendant if the documents became more voluminous than that to make the materials available to Defendant. Commander Law explained that if the discovery involves digital media, the process becomes more difficult because the Jail does not have readily-available equipment for Defendants to access digital media.

If Defendant proceeds, pro se, the government does not oppose providing Defendant hard copies of discovery that has been provided to Defense counsel to date.[1] With respect to media discovery (surveillance videos, recorded interviews, and Cellebrite reports), the government requests that an investigator be provided copies and maintain possession and control of those items, to be reviewed with Defendant at the Jail, as suggested by defense counsel.

---

[1] However, the government requests that defense counsel not provide the discovery to Defendant. Some of the current discovery contains personal information regarding the related-defendants, such as criminal history records, dates of birth, social security numbers, etc. The government would provide a redacted set of discovery to Defendant.

United States' Brief Regarding Defendant Access to Discovery
If Defendant Proceeds Pro Se - 5

### D. Future Discovery regarding CI

As mentioned above, it is unknown whether the additional discovery regarding the CI will be required. If it is, the government requests that such discovery be maintained in the possession and control of the investigator, which can be reviewed with Defendant at the Jail, but not left in Defendant's possession at the Jail.

### E. Summary of Proposed Procedures

If Defendant is permitted to proceed pro se, the government recommends the following:

1. The government will produce to Defendant at the Benton County Jail, a hard copy of the discovery produced to date, which will contain redactions.

2. All media (CDs) will be provided to defense investigator for review with Defendant, which must be maintained in the defense investigator's custody and control and may not be left at the Jail.

3. Any future discovery that would reveal the identity of the CI will be provided to the defense investigator, which must be maintained in the defense investigator's custody and control and may not be left at the Jail.

The government requests that the Court order the following: Defendant may not copy any of the discovery provided, allow any other person to copy it, give it to any other person, or permit any other person to inspect or review it.

DATED this 26th day of February, 2015.

        MICHAEL C. ORMSBY
        United States Attorney

        s/ Mary K. Dimke
        MARY K. DIMKE
        Assistant United States Attorney
        Assistant United States Attorney
        United States Attorney's Office
        402 E. Yakima Ave., Suite 210
        Yakima, WA 98901
        (509) 454-4425

I hereby certify that on February 26, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: John Matheson.

        s/ Mary K. Dimke
        Mary K. Dimke

United States' Brief Regarding Defendant Access to Discovery If Defendant Proceeds Pro Se - 7